UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARINA DAVIDSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | No. 2:12-cv-0767 DAD<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment. For the reasons explained below, plaintiff's motion is denied and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On December 31, 2007, and February 5, 2008, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on December 12, 2004. (Transcript ("Tr.") at 11, 70-73, 164-66, 169-75.) Plaintiff's applications were denied initially and upon reconsideration. (Id. at 70-73.)

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on April 21, 2010. (Id. at 28-58.) Plaintiff was represented by counsel and

testified at that hearing. In a decision issued on August 4, 2010, the ALJ found that plaintiff was not disabled. (Id. at 19.)

The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since December 12, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: migraine headaches, obesity, mood disorder, lumbar degenerative disc disease and scoliosis (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb, balance, stoop, kneel, crouch, crawl, and reach. The claimant should avoid climbing of ladders, ropes, and scaffolds. She can do nonpublic, simple, repetitive tasks with occasional interaction with coworkers and supervisors.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on June 7, 1972 and was 32 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from December 12, 2004, through the date of

this decision (20 CFR 404.1520(g) and 416.920(g)). (Id. at 13-18.)

On January 25, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 26, 2012.[1]

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt.

---

[1] Although service of plaintiff's complaint was ordered on September 7, 2012, (Dkt. No. 4), defendant was not served until March 19, 2013. (Dkt. No. 9.)

> 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion for summary judgment plaintiff argues that the ALJ committed the following two principal errors in finding her not disabled: (1) the ALJ improperly rejected plaintiff's own testimony concerning her subjective symptoms; and (2) the ALJ erred with respect to his treatment of the medical opinion evidence. (Pl.'s MSJ (Dkt. No. 14) at 18-25.[2])

**I. Plaintiff's Testimony**

Plaintiff argues that the ALJ discredited plaintiff's testimony concerning her subjective symptoms without a legitimate basis for doing so. (Id. at 18.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so ….

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's statements and testimony were "not entirely credible." (Tr. at 16.) In support of this finding, the ALJ noted that plaintiff had been previously convicted of identity theft which the ALJ found eroded plaintiff's credibility. (Id.) The ALJ also noted that plaintiff had given inconsistent statements, first testifying that her medication did not cause any side effects and then later testifying that one of her medications made her drowsy, as well as providing testimony minimizing her childcare work despite previously claiming that she was the primary caregiver for her children. (Id. )

The ALJ is permitted to consider such evidence in evaluating a claimant's credibility. See Thomas, 278 F.3d at 958-58 (ALJ may consider claimant's reputation for truthfulness and inconsistencies in testimony); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In

1  assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility
2  evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent
3  statements in her testimony."); Richey v. Colvin, No. C 12-4988 LB, 2013 WL 5228185, at *20
4  (N.D. Cal. Sept. 17, 2013) ("In finding a claimant's testimony not credible, an ALJ may rely on
5  convictions for crimes of moral turpitude, including robbery."); McKnight v. Commissioner of
6  Social Sec., No. 1:12-cv-0726 AWI JLT, 2013 WL 3773864, at *10 (E.D. Cal. July 17, 2013)
7  ("An ALJ may rely upon a claimant's convictions for crimes of moral turpitude as part of a
8  credibility determination"); Albidrez v. Astrue, 504 F.Supp.2d 814, 822 (C.D. Cal. 2007) (ALJ
9  may discount credibility based on claimant's felony convictions for crimes involving moral
10 turpitude).

11       The ALJ also noted that the available medical evidence discredited plaintiff's testimony
12 concerning her subjective symptoms. (Tr. at 17.) The ALJ is permitted to consider such evidence
13 in evaluating a claimant's credibility. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007)
14 ("These inconsistencies [lab reports contradicting plaintiff's subjective complaint] constitute
15 significant and substantial reasons to find Parra's testimony less than completely credible.");
16 Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot
17 form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his
18 credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective
19 pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective
20 medical evidence, the medical evidence is still a relevant factor in determining the severity of the
21 claimant's pain and its disabling effects.").

22       Accordingly, the court finds that in this case the ALJ did offer specific, clear and
23 convincing reasons for rejecting plaintiff's testimony regarding the severity of her subjective
24 symptoms.

25 **II.    Medical Opinion Evidence**

26       Plaintiff also argues that the ALJ failed to afford the proper weight to the opinions offered
27 by one of plaintiff's treating physician, Dr. Larry Feliciano. (Pl.'s MSJ (Dkt. No. 14) at 22-24.)
28 /////

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. (Id. at 831.) Finally, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).

Here, the ALJ rejected Dr. Feliciano's November 8, 2007 opinion that plaintiff could not participate in job training due to the limitations imposed upon her by her depression. (Tr. at 17.) In so doing, the ALJ instead chose to give greater weight to the opinion of Dr. Mark Choa, who found that plaintiff could do simple work. (Id.) Dr. Choa was also plaintiff's treating physician, his opinion was consistent with the evidence of record and, as the ALJ noted, Dr. Choa's opinion was rendered more recently than Dr. Feliciano's. These are specific and legitimate reasons to afford less weight to Dr. Feliciano's November 8, 2007 opinion. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) ("A treating physician's most recent medical reports are highly probative."); see also Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony.").

The ALJ also rejected Dr. Feliciano's September 16, 2009 opinion that plaintiff could not tolerate prolonged sitting because plaintiff's examination records indicated only mild disc

degeneration and scoliosis and because Dr. Feliciano's finding on this point was inconsistent with plaintiff's daily activities, which included attending school and providing childcare.[3] (Tr. at 17.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). See also Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir.2003) (a treating physician's opinion is properly rejected where the treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that the ALJ properly rejected the opinion of a treating physician since it was not supported by treatment notes or objective medical findings).

Accordingly, the court finds no error with respect to the ALJ's treatment of the medical opinions offered by treating physician Dr. Feliciano.

## CONCLUSION

For these reasons, the court finds that plaintiff is not entitled to summary judgment in her favor with respect to either of her arguments.

Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;

    2. The decision of the Commissioner of Social Security is affirmed; and

    3. Plaintiff's complaint is dismissed.

Dated: June 5, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\davidson0767.ord.docx

---

[3] Although plaintiff argues that the ALJ failed to offer a specific and legitimate reason for rejecting Dr. Feliciano's September 16, 2009 opinion, plaintiff does not challenge the ALJ's finding that her examination records revealed only mild disc degeneration and scoliosis.